**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

GARY DINKEL,

      Plaintiff,

v.                                                                                              No. Civ. 09-388 LH/RHS

CRANE CARE, INC., INMOTION CONTROL, INC.,
MAXWELL, MANNING & MORE,
COLUMBUS MCKINNON CORP.,
ROBINSON ENGINEERING CO., INC., and
DUCT-O-WIRE.

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Columbus McKinnon Corporation ("Defendant Columbus McKinnon") on April 22, 2009. The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered Defendant Columbus McKinnon's Notice of Removal, Plaintiff's Second Amended Complaint, the applicable law, and otherwise being fully advised, concludes that the Notice fails to allege the necessary facts of citizenship of each party to sustain diversity jurisdiction. Therefore, the Court will order Defendant Columbus McKinnon to file an amended notice within 30 days, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.    BACKGROUND**

On April 22, 2009, Defendant Columbus McKinnon filed a Notice of Removal under 28 U.S.C. § 1332. [Doc. 7 at 1.] Thereafter, Defendant Crane Care submitted its Notice of Consent

to Removal.  [Doc. 21.]  Defendant Columbus McKinnon's Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id*. at ¶ ¶ 11, 13, 14.

Defendant Columbus McKinnon's Notice alleges the following regarding citizenship:  that Plaintiff is a "resident" of New Mexico and that those defendants which are sueable entities are all "foreign corporation[s]."  [Doc. 7, at ¶ 3-11.]  Like Defendant Columbus McKinnon, Plaintiff also alleges that he is a "resident" of New Mexico. [Doc. 8, at 1.]  However, in his Second Amended Complaint, Plaintiff alleges the following with respect to Defendants:  that Defendant Crane Care, Inc. is a "foreign corporation" with its principal place of business in Arizona, that Defendant Inmotion Control, Inc. is a "foreign corporation" with its principal place of business in Texas, that Defendant Maxwell, Manning, and More is a "forging [sic] corporation" with its "principal office" in Illinois, that Defendant Duct-O-Wire is a "foreign corporation" with its principal place of business in California, that Defendant Shaw Box Crane Hoist and Crane Division is a "foreign corporation" with its principal place of business in Michigan, that Defendant Columbus McKinnon is a "foreign corporation" with its principal place of business in Michigan, that Defendant Lift-Tech International, Inc. is a "foreign corporation" with its principal place of business in Michigan, that Defendant Robinson Engineering Company, Inc. is a "foreign corporation" with its principal place of business in Texas. [Doc. 8, at ¶ 2-9.]

## II.   LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights.  *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957).  Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d

331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

### III.  DISCUSSION

As a preliminary matter, the Court notes that, on the present record, only Defendant Crane Care, Inc. has formally consented to Defendant Columbus McKinnon's removal of this action. The Notice itself is silent as to the other Defendants' consent and offers no explanation as to why they are not included in the Notice.

Generally, all defendants must consent to join in a notice of removal. *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900). However, although the failure to join all proper defendants may have rendered the notice procedurally defective, s*ee Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981), such a procedural defect only provides a basis for remand when a party raises it in a timely motion; otherwise it is waived. *See FMC Corp. Packaging Sys. Div. V. Medtronic, Inc.*, 208 F.3d 445, 451 (3d Cir. 2000); *Baloo v. Four Winds Addiction Recovery Center, Inc.*, 03cv0811 MCA/LG (D.N.M. Aug. 1, 2003). Because Plaintiff did not file within thirty days a motion to remand on the basis of lack of unanimity, any such defect has been waived. *See* 28 U.S.C. § 1447(c).

With respect to subject matter jurisdiction, Defendant Columbus McKinnon asserts jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. § 1332. Under § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a).

Jurisdiction under section 1332 requires diversity of *citizenship*, and the party asserting jurisdiction must plead *citizenship* distinctly and affirmatively. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Crowley v. Glaze*, 710 F.2d 676, 677 (10th Cir. 1983).

Upon review of Plaintiff's Second Amended Complaint, the Court is satisfied that the citizenship of Defendants has been sufficiently alleged for purposes of asserting subject matter jurisdiction. Plaintiff alleges that Defendants are "foreign corporation[s]," and he specifies their respective principal places of business. *See* [Doc. 8, at ¶ 2-9.] According to § 1332(c), corporations are citizens of both their state of incorporation and their principal place of business. § 1332(c). As such, Defendants are citizens of Arizona, Texas, California, Michigan, and the *foreign* states of their incorporation. So long as Plaintiff is a citizen of New Mexico, then, complete diversity of citizenship exists.

On the other hand, however, the facts set forth in Defendant Columbus McKinnon's notice and Plaintiff's Second Amended Complaint do *not* sufficiently establish the citizenship of Plaintiff. Instead, both parties merely assert that Plaintiff is a "resident," rather than "citizen," of New Mexico. By failing to mention the citizenship of Plaintiff, the Notice fails to properly state a basis for subject matter jurisdiction in this Court.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction

4

is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitelock*, 460 F.2d at 515 (permitting plaintiff 20 days to file verified amendment to complaint alleging, in addition to each party's residence, each party's citizenship at time of filing of original complaint). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (internal footnotes omitted).

This case has proceeded thus far without notice by any of the parties of jurisdictional problems, and the time for filing a motion to remand the case has passed. *See* 28 U.S.C. § 1447(c). It thus appears likely that the existence of diversity of citizenship can be established. Consequently, the Court will give Defendant Columbus McKinnon the opportunity to file an amended notice of removal to properly allege diversity of citizenship of each party at the time of the filing of Plaintiff's Second Amended Complaint, in accordance with this opinion, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendant Columbus McKinnon is granted **THIRTY (30) DAYS** leave to amend the Notice of Removal to properly allege diversity of citizenship, if such

allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed within **THIRTY (30) DAYS** of the date of entry of this Order, the Court will remand this case to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE