IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY DINKEL,

    Plaintiff,

vs.                                                                                                  Civ. No. 09-388 LH/RHS

CRANE CARE, INC., INMOTION
CONTROL, INC., MAXWELL, MANNING
& MOORE, COLUMBUS MCKINNON
CORPORATION, ROBINSON ENGINEERING
COMPANY, INC., and DUCT-O-WIRE,

    Defendants.

**ORDER GRANTING DEFENDANT DUCT-O-WIRE'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR ADMISSION**

**THIS MATTER** comes before the Court on Defendant Duct-O-Wire's Motion to Compel Plaintiff's Answers to Interrogatories and Responses to Requests for Admission [docket no. 50]. The Court has now considered the motion together with Plaintiff's response (docket no. 55) and Duct-O-Wire's reply (docket no. 57) and hereby concludes that the motion is well-taken and should be granted.

**IT IS THEREFORE ORDERED** that Defendant Duct-O-Wire's Motion to Compel Plaintiff's Answers to Interrogatories and Responses to Requests for Admission [docket no. 50] is hereby granted as follows:

    1. **Interrogatory No. 1**: Plaintiff objects to Interrogatory No. 1 as overly broad, unduly burdensome and not limited in time and scope and also states that he "was a mill worker and does not have access to the information requested in the interrogatory." This response is

inadequate. The interrogatory is definite as to time and scope as it seeks information concerning instructions, rules or guidelines that were in place at the time of the incident in question. Plaintiff should respond in a full, complete and narrative manner indicating any and all safety instructions, rules, or guidelines imposed by his employer that he was expected to comply with during the course of his employment. If Plaintiff cannot recall the same, he should make a diligent effort to ascertain these rules and regulations.

      2. **Interrogatory No. 2**: Plaintiff objects that the interrogatory is overly broad and unduly burdensome and argues that it is also premature in that "discovery has just begun." This response is also inadequate. Again, Plaintiff should respond in a full, complete and narrative manner indicating all of the information relative to the remote which was identified in Plaintiff's Complaint. This should be done from Plaintiff's personal knowledge as well as his reasonable and diligent efforts to ascertain and obtain the information sought in the interrogatory.

      3. **Interrogatory No. 3**: Plaintiff objects that the interrogatory is overly broad, not limited in time and scope and seeks information that is not under the control or possession of Plaintiff. It is not clear from the answer if it is Plaintiff answering the interrogatory or his attorney as the response seems to be more of a summary of what Plaintiff may have told his attorney rather than Plaintiff's individual response which could be recorded as an answer to the interrogatory and used for cross-examination during the course of the trial. Plaintiff's objections are denied and he should proceed to answer the interrogatory.

      4. **Interrogatory No. 4**: Once again, Plaintiff states his standard objection that the interrogatory is overly broad, not limited in time and scope, overly burdensome and also Plaintiff argues that the interrogatory attempts to impose requirements outside the scope of the Federal Rules of Civil Procedure. Plaintiff does not identify which requirements he is talking about and

refuses to answer the interrogatory. It is not adequate to respond to an interrogatory by making reference to Plaintiff's initial disclosures. Interrogatory No. 4 seeks information directly relevant to Plaintiff's claims that Defendant Duct-O-Wire was negligent and Plaintiff should answer the interrogatory fully and completely.

5. **Interrogatory No. 5**: Plaintiff refuses to answer Interrogatory No. 5 arguing that it is premature in that discovery has just begun. This objection is overruled. The reference to Plaintiff's Second Amended Complaint is not an adequate response. Plaintiff must respond to Interrogatory No. 5 fully, completely, and in a narrative fashion.

6. **Interrogatory No. 6**: Plaintiff argues that the interrogatory is premature in that discovery has just begun. As in previous interrogatories, the Court overrules the objection and orders the Plaintiff to respond to Interrogatory No. 6.

7. **Interrogatory No. 7**: Plaintiff refuses to answer Interrogatory No. 7. His objection is overruled for reasons previously stated and he is ordered to answer the interrogatory.

8. **Interrogatory No. 8**: Plaintiff refuses to answer Interrogatory No. 8 and argues that it is overly burdensome and the information requested is not in the possession of Plaintiff. The interrogatory is answered in a manner which again leads the Court to believe it is not Plaintiff's response but the response of his attorney in the form of argument. Plaintiff must answer Interrogatory No. 8 to the best of his knowledge and understanding.

9. **Interrogatory No. 9**: Plaintiff's response to Interrogatory No. 9 is inadequate in that he only acknowledges that he received training on the crane and how to operate the levers prior to the conversion of the crane. The interrogatory asks for a description of the training not whether or not he received it and Plaintiff must respond accordingly.

10.  **Interrogatory No. 10**: Plaintiff's response to Interrogatory No. 10 states that he did not make any modifications, repairs or alterations to the remote, however, the response should be amended to acknowledge that that statement is true from the date of purchase to the date of the signing of the responses to the interrogatories.

11.  **Requests for Admission Nos. 1-7**: These Requests for Admissions ask Plaintiff to admit that Defendant Duct-O-Wire did not manufacture, design or repair the remote which is the subject of Plaintiff's lawsuit and that the remote had been repaired, serviced and/or altered since it was purchased.  Plaintiff denied and objected to each request individually stating that additional discovery needs to be completed before he can respond.  The Court finds these responses inadequate and overrules all of the objections to each individual Requests for Admission Nos. 1-7.  Plaintiff is the one who has brought this litigation to the courthouse and he should provide the Defendants with the factual basis for his claims or, in the alternative, acknowledge that he is unable to do so.

**IT IS FURTHER ORDERED** that Plaintiff submit amended responses to Interrogatories Nos. 1-8 and Requests for Admission Nos. 1-7 on or before <u>March 19, 2010</u>.

**IT IS FURTHER ORDERED** that all responses by Plaintiff be prepared by him personally and that the same be in full, complete sentences without references to other pleadings in any manner whatsoever.  This will insure that Plaintiff's responses to discovery may be used appropriately during the course of cross-examination at the time of trial on the merits.

The Court further reserves jurisdiction to impose attorney's fees and costs for the necessity of Defendant Duct-O-Wire's filing of this motion.

                              _____
                              ROBERT HAYES SCOTT
                              UNITED STATES MAGISTRATE JUDGE