IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

GARY DINKEL,

    Plaintiff,

v.                                                           No. Civ. 09-388 LH/RHS

CRANE CARE, INC., INMOTION CONTROL, INC.,
MAXWELL, MANNING & MOORE,
COLUMBUS MCKINNON CORPORATION,
LIFT-TECH INTERNATIONAL, INC.,
ROBINSON ENGINEERING COMPANY, INC.,
SHAW BOX CRANE HOIST AND CRANE DIVISION, and
DUCT-O-WIRE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant CraneCare, Inc.'s Motion for Leave to File Pretrial Motions Out of Time (Doc. 86). Specifically, Defendant requests to file a motion for summary judgment on the issue of causation and a motion in limine to exclude the expert opinion testimony of George R. Hackworth. Plaintiff opposes the motion. The Court, having considered the motion, briefs, relevant law, and otherwise being fully advised, concludes that Defendant's motion should be granted.

**I.    BACKGROUND**

The Court entered a Stipulated Order amending the scheduling deadlines in this case and imposing a discovery deadline of April 15, 2010 and a pretrial motion deadline, for motions other than discovery motions, of June 3, 2010. (*See* Order (Doc. 52) 1-2.) The parties agreed to engage in some discovery after the discovery deadline. On May 21, 2010, Defendant took depositions of three of Plaintiff's witnesses. On May 25, 2010, Plaintiff took the deposition of his witness, George

R. Hackworth. Defendant needed time to obtain the transcripts from these depositions and time for its expert, Anthony Bond, to evaluate them. Mr. Bond prepared a supplemental report on July 20, 2010. The Honorable Judge Robert H. Scott conducted a settlement conference in this case on July 21, 2010, but the case did not settle. (*See* Clerk's Minutes (Doc. 85).)

In August 2010, the parties exchanged their portions of the Pretrial Order and Plaintiff designated portions of Mr. Hackworth's testimony that he intended to introduce at trial, including a claim that the hoist or crane was never grounded at installation resulting in electrical noise and the crane drifting that was the proximate cause of Plaintiff's accident. Plaintiff, however, has not disclosed Mr. Hackworth as an expert witness. With Judge Scott's approval, the parties agreed to take Mr. Bond's deposition beyond the discovery deadline, which occurred on September 3, 2010. Mr. Bond testified that there was no link between any alleged improper grounding, drifting, and Plaintiff's accident.

Based on Mr. Bond's testimony regarding causation and Plaintiff's failure to list Mr. Hackworth as an expert witness, Defendant seeks leave to file a motion for summary judgment on the causation issue and a motion in limine to exclude Mr. Hackworth's opinion testimony regarding causation. Plaintiff opposes the motion because Defendant should, with due diligence, have been able to file its motion based on a lack of evidence argument before the taking of more depositions, which would have created more evidence, not less. Plaintiff also argues that he will be prejudiced because at the time of taking the deposition of Defendant's expert, the summary judgment deadlines had passed, so his questions were not designed to respond to a motion for summary judgment. No trial date has been scheduled in this case.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 16(b)(4), a case management schedule "may be

modified only for good cause and with the judge's consent." To meet this "good cause" requirement, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

The Court finds that Defendant has met this good cause standard and will allow Defendant to file its motions. Defendant has shown diligence in pursuing discovery in this case and adequately explained its delay in filing a motion for summary judgment on causation. Plaintiff's argument concerning prejudice is unavailing. Although the summary judgment motion deadline had passed, Plaintiff should have been aware when deposing Defendant's expert that causation was at issue. The causation issue is not only relevant to defending a summary judgment motion but also to trial. The Court will therefore not order Defendant to pay the full expense of another deposition of Mr. Bond, as requested by Plaintiff.

As for the motion in limine, this Court generally sets forth a deadline for filing motions in limine in its Trial Notice. The Court has not yet filed a Trial Notice in this case, so the motions in limine deadline has not passed and Defendant may file its motion in limine.

**IT IS THEREFORE ORDERED** that

1. Defendant CraneCare, Inc.'s Motion for Leave to File Pretrial Motions Out of Time (**Doc. 86**) is **GRANTED**;

2. Defendant must file its motion for summary judgment within **14 DAYS** of entry of this Memorandum Opinion and Order.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**