## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

GARY DINKEL,

       Plaintiff,

v.                                   No. Civ. 09-388 LH/RHS

CRANECARE, INC.,

       Defendant.

### MEMORANDUM OPINION AND ORDER

Plaintiff's Motion for Reconsideration, Motion to Alter or Amend ("Motion for Reconsideration") was filed by Plaintiff on May 2, 2011.  The Court, having considered the motion, briefs, arguments, relevant law, and otherwise being fully advised, concludes that the motion should be **denied.**

### Legal Standard

Plaintiff's Motion for Reconsideration was timely filed on the 27th day after the Court's April 5, 2011 Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 59(e) (providing that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment).  A motion to alter or amend a judgment is appropriate where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Likewise, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

## Background

In its April 5, 2011 Memorandum Opinion and Order, the Court determined that George Hackworth's opinion testimony concerning the lack of grounding of the crane at issue and the cause of the crane's alleged drifting problem was not proper lay opinion testimony under Federal Rule of Evidence 701.[1]  First, the Court concluded that the testimony on these matters required specialized, technical knowledge regarding electric circuits, which was outside the scope of common knowledge and, therefore, beyond the scope of permissible lay opinion testimony.  Additionally, the Court determined that Mr. Hackworth's testimony on these matters was not probative of causation or helpful to the jury, given that Mr. Hackworth had no personal knowledge of the condition of the crane at the time of Plaintiff's accident and, instead, only observed the condition of the crane three months *after* the accident.  Consequently, the Court granted Defendant's motion in limine to the extent that it sought exclusion of such opinion testimony by Mr. Hackworth.

Also in its April 5, 2011 Memorandum Opinion and Order, the Court concluded that the admissible evidence offered by Plaintiff did not suggest that an act or omission of Defendant was reasonably connected as a significant link to Plaintiff's injury.  An internal conflict in the limited causation evidence offered by Plaintiff -- where Plaintiff himself described a failure of the E-Stop button at the time of the accident and Mr. Hackworth recounted a properly functioning E-Stop button but recalled continued movement of the hoist, or "drifting," after letting off on the remote's directional pad -- rendered Plaintiff's theory of causation untenable.  Based on Plaintiff's failure to designate facts showing that genuine issues remained as to causation, the Court granted summary judgment in favor of Defendant.

---

[1] Although the Court excluded these opinions of Mr. Hackworth, the Court considered other portions of Mr. Hackworth's deposition testimony under Rule 701 in deciding Defendant's motion for summary judgment.

In his Motion for Reconsideration, Plaintiff urges this Court to reconsider its decision to strike certain portions of Mr. Hackworth's deposition testimony as well as its decision to grant summary judgment in favor of Defendant for want of causation evidence.  Plaintiff argues that the Court misapprehended Tenth Circuit law concerning lay witness testimony and that Mr. Hackworth's opinion testimony was admissible under Federal Rule of Evidence 701.   Additionally, Plaintiff contends that the Court overlooked Federal Rule of Civil Procedure 37(c), which limits sanctions for failure to timely designate a witness as an expert.  According to Plaintiff, before the Court excluded portions of Mr. Hackworth's deposition testimony from consideration at summary judgment, it should have considered whether the failure to designate Mr. Hackworth as an expert was justified or harmless under the factors enumerated by the Tenth Circuit in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  Finally, Plaintiff contends that the Court simply misapprehended the relevant facts in this matter and suggests that, even without the stricken testimony of Mr. Hackworth, summary judgment in favor of Defendant was improper.

## Analysis

First, Plaintiff suggests that the Court improperly excluded the opinion testimony of George Hackworth because it misapprehended the law in the Tenth Circuit governing lay opinion testimony. Plaintiff cites two cases, *Montag v. Honda Motor Co., Ltd.*, 75 F.3d 1414 (10th Cir. 1996) and *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004), in support of his position that Mr. Hackworth should have been permitted, under Fed. R. Evid. 701, to offer lay opinions derived from his knowledge and experience as a crane technician.

In *Montag*, the court noted in dicta that a lay witness may "in certain circumstances" be

3

allowed to testify as to topics typically reserved for expert witnesses.  *Montag*, 75 F.3d at 1421.  In

noting as much, the court cited *Randolph v. Collectramatic, Inc.*, 590 F.2d 844 (10th Cir. 1979), an

earlier Tenth Circuit case in which the court refused to allow a lay witness to testify as to matters,

such as design defects, typically reserved for expert witnesses.  *Montag*, 75 F.3d at 1421.  Although

the court in *Randolph* discussed the Eighth Circuit's practice of allowing specialized, expert-like

testimony from a lay witness, it did not adopt such a practice in the Tenth Circuit, distinguishing the

facts in *Randolph* from those in the Eighth Circuit case.  *Randolph*, 590 F.2d at 847 (discussing

*Farner v. Paccar, Inc.*, 562 F.2d 518 (8th Cir. 1977)).  Ultimately, in *Montag,* the case upon which

Plaintiff relies*,* the Tenth Circuit determined that the plaintiffs had failed to show that the trial court

abused its discretion when it excluded testimony from a lay witness regarding a design defect.

*Montag*, 75 F.3d at 1420-21.  The referenced dicta in *Montag* provides little support for Plaintiff's

position, especially where Plaintiff has made no efforts to apprise the Court of any specialized

knowledge or technical background of Mr. Hackworth.

More recently, in *Lifewise*, a case referenced by this Court in its April 5, 2011 Opinion, the

Tenth Circuit declared that "a person may testify as a lay witness only if his opinions or inferences

do not require any specialized knowledge and could be reached by an ordinary person."  *Lifewise*,

374 F.3d at 929.  While the business owner in *Lifewise* might have been permitted as a lay witness

to opine regarding lost profits if he had used a straightforward method of calculation, the Court did

not permit him to utilize a specialized, technical method in doing so.  *Id.* at 930.  Plaintiff reasons

that because a business owner may give a lay opinion as to the value of his business, a matter not

within the common knowledge of an ordinary person on the street, it follows that Mr. Hackworth

should be permitted to opine regarding the cause of drifting by a crane.  The difference between a

4

businessman offering testimony about lost profits and Mr. Hackworth offering testimony about the cause of a crane's drifting, though, is that the concept of lost profits, so long as a complicated model or methodology is not employed, is not a highly technical or specialized concept.  Rather, calculating lost profits can be as simple as determining the actual decrease in sales or multiplying the lost profit per item by the number of lost sales.  *See Lifewise*, 374 F.3d at 930 (citing *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 265 (2d Cir. 1995) and *State Office Sys., Inc. v. Olivetti Corp. of Am.*, 762 F.2d 843, 847 (10th Cir. 1985)).  Under such straightfoward methods of calculation, a loss profit calculation could be reached "by any ordinary person."  *See Lifewise*, 374 F.3d at 929.  On the other hand, Mr. Hackworth's testimony concerning the cause of the crane's drifting involved complicated and technical concepts involving electrical circuitry.  Contrary to Plaintiff's position, it does not follow from the Tenth Circuit's reasoning in *Lifewise* that Mr. Hackworth's opinion testimony is admissible under Rule 701.

Second, Plaintiff argues that the Court, in excluding Mr. Hackworth's opinion testimony, overlooked the law limiting sanctions for failing to timely designate a witness.  However, Plaintiff maintained all along, at least until the instant Motion for Reconsideration, that the testimony of Mr. Hackworth was lay opinion testimony, making no alternative argument that Mr. Hackworth should be treated as an expert or that Plaintiff should be permitted to make an untimely expert designation based on substantial justification.  Without an alternative motion to designate Mr. Hackworth as an expert, the only reasonable course for the Court, having determined that the subject testimony was not proper lay testimony, was to strike the offending testimony altogether.  After all, there had been no suggestion made that Mr. Hackworth was *qualified* to serve as an expert witness.  As such, the Court cannot agree that it committed error by failing to consider the stricken portions of Mr.

Hackworth's testimony as expert testimony or by failing to *sua sponte* grant Plaintiff leave to make an untimely expert designation.  *See Compania Administratdora de Recuperacion de Activos Administratorda de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc*., 533 F.3d 555 (7th Cir. 2008) (upholding a district court's decision not to consider the opinion testimony of a witness who the plaintiff classified as a lay witness and did not disclose as an expert, where the court concluded that the testimony was in the nature of expert testimony).  Nevertheless, Plaintiff now contends that Mr. Hackworth's testimony *is* proper expert testimony, that leave should be granted to designate him as an expert witness, and that his opinion testimony should be considered on summary judgment.

To be considered in conjunction with a motion for summary judgment, testimony must be admissible.  *See* Fed. R. Civ. P. 56(c).  The admissibility of expert testimony, in particular, is governed by Rule 702.  *See* Fed. R. Evid. 702.  The party proffering the expert testimony bears the burden of proving by a preponderance of the evidence that the expert's testimony is admissible pursuant to Rule 702.  *See, e.g., Ralston v. Smith & Nephew Richards, Inc*., 275 F.3d 965, 970 (10th Cir. 2001).

> Rule 702 provides:
>
> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Plaintiff has not established that Mr. Hackworth's opinions – which are in the nature of

expert opinions in the respect that they concern technical and specialized matters – are admissible under Rule 702.  For one thing, there is no indication within the deposition testimony submitted by Plaintiff or otherwise that Mr. Hackworth is qualified to offer expert opinions regarding the effect of a lack of grounding, the cause and consequences of electrical noise, or the cause of drifting by a remote-controlled crane.  Indeed, Plaintiff has provided no foundational information from which the Court may assess Mr. Hackworth's knowledge, skill, experience, training or education; nor has Plaintiff submitted an affidavit detailing the basis for Mr. Hackworth's opinions.  Basically, all that the Court knows of Mr. Hackworth's professional background is that he worked as a service technician for CraneCare during some period of time and that he apparently had some general familiarity with grounding, electrical noise, and drifting.  But marginal familiarity with the general concepts in a relevant field does not make a witness qualified to espouse opinions regarding the concepts.  *Ralston*., 275 F.3d at 970.  Morever, the Court cannot say from the information provided by Plaintiff to date that Mr. Hackworth's opinions are supported by sufficient facts or data or that they rely upon reliable principles or methods.

Although Plaintiff initially maintained that the subject opinions by Mr. Hackworth were admissible under Rule 701, he has done nothing in his Motion for Reconsideration to convince the Court that it should reconsider its April 5, 2011 Opinion and admit the stricken testimony under Rule 702.  *See Randolph*, 590 F.2d at 846-48 (upholding the district court's decision to disallow opinion testimony of a witness regarding a product design, where there were no facts introduced to substantiate the witness's familiarity with the manufacturing and design of the product, his formal or informal training concerning the product, or his knowledge of safety devices used on similar products); *Milne v. USA Cycling, Inc*., 575 F.3d 1120, 1134 (10th Cir. 2009) (upholding the district

court's decision to strike the plaintiff's expert opinion at summary judgment, as well as the court's related decision to grant summary judgment for the defendant, where the witness was not qualified to offer expert testimony regarding mountain bike races).  Once again, Plaintiff has not fulfilled his burden of demonstrating that Mr. Hackworth's subject opinion testimony is admissible as expert testimony.  Nor has he  demonstrated that there is any need to correct any error on the Court's part or to prevent manifest injustice.  Instead, it appears that it was Plaintiff's oversight or his inability to procure an expert witness to support his theory of causation that was fatal to his case, not some an erroneous classification of Mr. Hackworth's testimony by the Court.

Finally, Plaintiff argues that even without the previously-stricken deposition testimony of Mr. Hackworth, the remaining evidence precludes summary judgment.  Specifically, Plaintiff suggests that "[t]his Court has overlooked the fact that attempts to engage the E-stop would necessarily occur only after the crane operator had removed his finger from the up button and realized that the crane had not stopped."  (Pl.'s Motion for Reconsideration, at 6.)  However, there is no testimony and no evidence before the Court indicating that the crane operator, Orlando Sanchez, removed his finger from the directional pad, noticed that the crane had not stopped, and then attempted to engage the E-Stop button.  Likewise, there is no testimony or evidence indicating that the crane "drifted" upward after Mr. Sanchez removed his finger from the controls.

As such, there remains no admissible evidence that any act or omission by Defendant was the proximate case of Plaintiff's injury.  Without Mr. Hackworth's improper opinion testimony, there is no admissible evidence that the conversion system on the crane was improperly installed or improperly grounded at installation or that some improper installation or grounding caused drifting and/or Plaintiff's accident.  Basically, without testimony linking some act of Defendant with the

alleged drifting of the crane and injury of Plaintiff, Plaintiff's claims fall apart.

### Conclusion

Plaintiff's Motion for Reconsideration does not establish any of the grounds under Rule 59(e) sufficient to justify alteration or amendment of the Court's prior opinion. Therefore, the Court finds that Plaintiff's Motion for Reconsideration is not well-taken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, Motion to Alter or Amend (Doc. 107) is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE